IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY ELLEN HECKENDORN** | : | |
| | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-21** |
| | : | |
| **WILLOW VALLEY COMMUNITIES** | : | |
| | : | |
| *Defendant* | : | |

**O R D E R**

**AND NOW,** this 30th day of June, 2026, upon consideration of Defendant's Motion to Dismiss and accompanying brief (ECF Nos. 11, 12) and Plaintiff's lack of response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and the case is dismissed.[1]

---

[1] As Local Rule 7.1(c) of the Rules of Civil Procedure for the Eastern District of Pennsylvania allows a court to grant a motion as uncontested in the absence of a timely response (except as provided by Fed. R. Civ. P. 56), Defendant's Motion is granted. *See, e.g.*, *Schutter v. Herskowitz*, No. 07-cv-3823, 2008 WL 2331365, at *5 (E.D. Pa. June 6, 2008) (holding that the Court did not abuse its discretion in granting a motion as unopposed when the plaintiff failed to timely respond); *Jimbo's Bowling Grp., Inc. v. United States Bowling Cong.*, No. 08-cv-199, 2008 WL 11367897, at *1-2 (M.D. Pa. Sept. 8, 2008) (granting motion as unopposed when plaintiff failed to timely respond).

Although a merits analysis is not required, *see Schutter*, 2008 WL 2331365, at *3, even had Plaintiff contested Defendant's Motion to Dismiss, I would still grant it. This is a case in which Plaintiff alleges she was discriminated against and ultimately terminated from employment by Defendant after she sought and was declined a religious exemption to Defendant's mandatory COVID-19 vaccination policy. Plaintiff, proceeding *pro se*, brought suit in the Lancaster County Court of Common Pleas, asserting causes of action for religious discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count I); failure to accommodate religious beliefs in violation of Title VII of the Civil Rights Act of 1964 (Count II); religious discrimination in violation of the Pennsylvania Human Relations Act (Count III); and failure to accommodate religious beliefs in violation of the Pennsylvania Human Relations Act (Count IV). *See* ECF No. 1-1 ("Compl."). Defendant removed the case to this Court on January 5, 2026 and moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on March 16, 2026. *See* ECF Nos. 11, 12. On April 24, 2026, Plaintiff filed an exhibit, which was a copy of Defendant's Motion to Dismiss and proposed order that she had signed and dated. *See* ECF No. 13. A few days later, recognizing that Plaintiff's exhibit was not a response in opposition to its Motion, Defendant filed a letter with the Court requesting that the Court grant its Motion as uncontested. *See* ECF No. 14. The Court ordered Plaintiff to show cause no later than June 5, 2026 why the Motion should not be granted. *See* ECF No. 15. Plaintiff has not filed anything in response to that Order.

The Court may dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

**BY THE COURT:**

/s/ Catherine Henry

**HON. CATHERINE HENRY**
**United States District Court Judge**

---

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

The basis for Defendant's Motion to Dismiss is that Plaintiff's claims are untimely, as she failed to file timely EEOC and PHRA charges. "For a federal court to have jurisdiction to hear a Title VII claim, a plaintiff must meet two requirements. First, the plaintiff must file a timely charge of discrimination with the EEOC. . . . In Pennsylvania, a Plaintiff has 300 days from the time of an unlawful employment action to file a claim with the EEOC. . . . Second, a plaintiff must receive a right-to-sue notice from the EEOC." *Bivines v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, 284 F. Supp. 3d 587, 588-89 (E.D. Pa. 2018). For a Plaintiff to bring a PHRA claim, "an administrative complaint must first be filed with the PHRC within 180 days of the alleged act of discrimination." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) (citing 43 Pa. Stat. § 959(h)).

As an initial matter, the Court must determine whether it may consider the EEOC charge of discrimination, which was not attached to the Complaint but was instead attached as an exhibit to Defendant's Motion to Dismiss. "In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996). Courts have held that they may consider a plaintiff's EEOC charge and related documents in deciding a motion to dismiss claims of employment discrimination. *See, e.g.*, *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001); *LaFollette v. Jefferson Reg'l Med. Ctr.*, No. 22-cv-477, 2022 WL 4029735, at *5 (W.D. Pa. Sept. 2, 2022) (collecting cases). I agree, as Plaintiff must have filled a timely charge of discrimination with the EEOC and received a right to sue letter in order for the Court to have jurisdiction over her claims, so those documents are considered essential to her claims pursuant to *Arizmendi*.

Having determined that the Court may consider Plaintiff's EEOC charge of discrimination and the EEOC's right to sue letter in response, I now turn to whether Plaintiff's EEOC charge was timely. According to her charge of discrimination, Plaintiff was terminated from employment on or about November 20, 2021. She filed the charge on September 30, 2025—1,410 days after her alleged adverse employment action. As such, her charge well exceeded the 300-day time limit. Courts may consider "whether such doctrines as equitable tolling, continuing violation, or relation back might apply, or whether a more accurate interpretation of the date on which an adverse employment action occurred might place the plaintiff within the applicable filing deadline, thereby allowing the plaintiff to proceed with the claim in federal court." *Bivines*, 284 F. Supp. 3d at 589.  Here, Plaintiff has alleged no facts that would support any such doctrine, nor do any seem apparent on the face of the Complaint. I therefore hold that Plaintiff's Title VII claims must be dismissed as untimely.

Plaintiff's PHRA claims are similarly untimely. Plaintiff's EEOC charge names both the EEOC and the Pennsylvania Human Relations Commission as the entities to whom she was presenting her charge. Because there is no indication that Plaintiff separately filed her PHRA charge with the PHRC within 180 days of her termination, her PHRA claims are dismissed as untimely.